**UNITED STATES of America, Plaintiff–Appellee,**

v.

**William Gary FUGITT, Defendant–Appellant.**

No. 07–30368.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 21, 2008.*

Filed Oct. 29, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Helen J. Brunner, Esquire, Assistant U.S. Attorney, Office of the U.S. Attorney, Seattle, WA, Kent Y. Liu, Esquire, USTA–Office of the U.S. Attorney, Tacoma, WA, for Plaintiff–Appellee.

Karen L. Unger, Esquire, Port Angeles, WA, for Defendant–Appellant.

Before: O'SCANNLAIN, RYMER, and KLEINFELD, Circuit Judges.

MEMORANDUM **

William Gary Fugitt appeals the order denying his motion to suppress, following which he was convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). We affirm.

■ The district judge correctly determined that Fugitt's statements, subsequent to the *Miranda* warning, were admissible. For the exception in *Missouri v. Seibert*, 542 U.S. 600, 124 S.Ct. 2601, 159 L.Ed.2d 643 (2004), to apply, rather than the general rule in *Oregon v. Elstad*, 470 U.S. 298, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985), there would have to be a "two-step questioning technique based on a deliberate violation of *Miranda.*" *Seibert*, 542 U.S. at 620, 124 S.Ct. 2601 (Kennedy, J., concurring). The district court's finding of fact that there was no deliberate attempt by the officers to use a two-step procedure was not clearly erroneous, *see United*

States v. Narvaez–Gomez, 489 F.3d 970, 974 (9th Cir.2007), nor was the district court's inevitable discovery determination clearly erroneous.

■ In all the circumstances, we cannot say that Fugitt's will was overborne such that his post-*Miranda* statements were involuntary, as he contends. *United States v. Male Juvenile*, 280 F.3d 1008, 1022 (9th Cir.2002).

AFFIRMED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.